UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| JOHN RHODES | : |
| Plaintiff, | : |
| v. | : File No. 1:07-CV-230 |
| TOWN OF GEORGIA | : |
| Defendants. | : |

<u>RULING ON DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND PLAINTIFF'S MOTION FOR RECONSIDERATION</u>
(Papers 41, 44)

I. <u>Introduction</u>

Plaintiff landowner John Rhodes brings this 42 U.S.C. § 1983 action against Defendant Town of Georgia claiming violations of his due process rights. Specifically, Defendant is alleged to have "over time denied the Plaintiff property rights without due process by utilizing its regulatory and statutory authority to deny or restrict Plaintiff's access and use of the property in question, delaying consideration of his requests in a timely manner, taking an inordinate amount of time to consider his requests, and impos[ing] limits or conditions on his requests which it did not impose on other property owners similarly situated to Plaintiff," (Paper 25 at 5 (Am. Compl. at ¶ 19)), and intended to "deprive [Plaintiff] of his property rights without due process by treating [Plaintiff] differently from other property owners in the Town of Georgia similarly situated,"

1

(id. ¶ 21). Defendant moves for summary judgment arguing Plaintiff failed to establish a violation of procedural or substantive due process and, in any event, Defendant is entitled to sovereign immunity.[1] (Paper 41.) Plaintiff moves for reconsideration (Paper 44) of the Franklin Superior Court's June 2006 decision on Defendant's motion to dismiss. For the following reasons, the motion for summary judgment is granted and the motion to reconsider is denied.

II. Background

The parties have been here before. In March 2007, this Court dismissed very similar due process and equal protection claims on res judicata grounds because those claims arose out of prior scuffles between the parties relating to Plaintiff's various development plans which had been litigated in state court. The action presently before the Court was pending in state court at the time of the 2007 decision -- the initial complaint was filed in February 2006. Again, Plaintiff added claims seeking constitutional redress which allowed Defendant to remove this action to federal court. Plaintiff also seeks reconsideration of a state court decision which sided with Defendant on Plaintiff's non-constitutional claims.[2]

---

[1] Defendant did not expound upon its claim to sovereign immunity.

[2] The parties have a long litigious history, which is not regurgitated here. For helpful background information on the

2

III. <u>Motion for Reconsideration</u>

Upon removal to federal court, a state court order entered prior to removal remains in effect unless dissolved or modified by the district court; therefore, a district court is authorized to revisit a state court order in the same action. 28 U.S.C. § 1450. Federal Rule of Civil Procedure 60(b) provides for a motion for relief from a judgment or order. While Plaintiff did not state a basis for his reconsideration motion (Paper 44), the Court can safely assume the motion was made pursuant to Rule 60(b)(6).[3] Rule 60(b)(6) is a "catch-all" provision allowing relief from an order for "any other reason that justifies relief." The Supreme Court has cautioned that Rule 60(b)(6) should be invoked only in "extraordinary circumstances." <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 864 (1988) (internal citation omitted). Accordingly, the Court declines to reconsider the Franklin Superior Court decision of June 8, 2006 because Plaintiff fails to point to extraordinary circumstances warranting reconsideration of the state court

---

current dispute between the parties, see <u>In re Unnamed Town Highway of Town of Georgia</u>, Nos. S 312-01Fc & S 381-01Fc, slip op. (Franklin Super. Ct. Feb. 13, 2004).

[3] Plaintiff is foreclosed from moving under subsections (b)(1)-(3) because such a motion must be made within a year of the order, Fed. R. Civ. P. 60(c)(1) -- Plaintiff's motion was made more than two years after the order -- and subsections (b)(4)-(5) because those subsections apply to judgments only -- Plaintiff moves for reconsideration of an order.

3

decision and that court is better suited to determine the meaning and application of state statutes and case law relevant to Plaintiff's state law claims. Further, Plaintiff waited more than two years to ask for reconsideration and Plaintiff did not address a motion to the state court to reconsider its own decision even though the case was pending for sixteen months after the decision was rendered. Therefore, Plaintiff's motion to reconsider is denied.

IV. <u>Motion for Summary Judgment Standard</u>

Summary judgment is appropriate only where the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A genuine issue of material fact arises when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The Court must resolve ambiguities and draw inferences in favor of the non-moving party. <u>Salahuddin v. Goord</u>, 467 F.3d 263, 272 (2d Cir. 2006) (internal citation omitted).

V. <u>Discussion</u>

A federal claim based on the Fourteenth Amendment, as implemented by 42 U.S.C. § 1983, requires the existence of a federally protectable property right and the denial of that right in the absence of either procedural or substantive due process.

4

Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999). As Defendant concedes that Plaintiff "may have a property right in access to his lands," (Paper 41 at 3), the Court may proceed to address whether that right was denied without procedural or substantive due process.

    A.   <u>Procedural Due Process Claim</u>

The Due Process Clause guarantees only that a constitutionally protected interest will not be infringed without due process of law. <u>See</u> <u>Rivera-Powell v. N.Y. City Bd. of Elections</u>, 470 F.3d 458, 464-65 (2d Cir. 2006) (internal citations omitted). The Supreme Court directs that "the essence of due process is the requirement that a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it." <u>Mathews v. Eldridge</u>, 424 U.S. 319, 348 (1976) (internal quotation omitted). This requires that "the procedures be tailored . . . to the capacities and circumstances of those who are to be heard . . . to insure that they are given a meaningful opportunity to present their case." <u>Id.</u> at 349 (internal quotation omitted). Therefore, "to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." <u>Rivera-Powell</u>, 470 F.3d at 465 (internal quotation omitted). Consequently, proving state procedural remedies are inadequate is an essential element of a

procedural due process claim.  Marino v. Ameruso, 837 F.2d 45, 47 (2d Cir. 1988).

Here, Plaintiff has failed to allege or prove that state remedies were or are in any way constitutionally inadequate.  In fact, Plaintiff acknowledges he "pursued his administrative remedy and judicial appeal process successfully" in this matter once already (Paper 25 ¶ 20), and is currently pursuing a second such judicial appeal.  This appeal arises out of the Town of Georgia Selectboard's classification of the "unnamed road" as a trail.  The classification was preceded by written notice that the Selectboard would hold a public hearing regarding the classification of the unnamed road, provided more than thirty days prior to the hearing.  (Paper 46, Exh. 2.)  Plaintiff argues that, because a prior court order held the unnamed road is a public highway, the Selectboard was required to follow a two-step process to classify the unnamed road as a trail:  (1) the Selectboard needed to notice and hold a hearing classifying the unnamed road as either a Class 3 or 4 highway, and (2) then the Selectboard could have noticed and held a second hearing at which it could then reclassify the highway as a trail.  Plaintiff's argument concludes that, because the noticed hearing was to "classify" the unnamed road and the Selectboard proceeded to "reclassify" the unnamed road as a trail, the notice was deficient and his procedural due process rights were violated.

6

However, the logic of Plaintiff's argument is flawed because it requires "reclassification" of a road that had not yet been "classified." The Franklin Superior Court explained: "The superior court['s prior court order] left the full range of options open to the [S]electboard from abandonment to reclassification. . . . Since the unnamed road had never previously received any classification, it is hard to see how the court could have ruled otherwise." Rhodes v. Town of Georgia, No. 55-06Fc, slip op. at 2 (June 8, 2006).

The Selectboard held the hearing and provided a written decision assigning a classification to the unnamed road. (Paper 42, Exh. 5.) As provided by state process, Plaintiff appealed the Selectboard's decision to the Franklin Superior Court. (Paper 46 at 2.) Though Plaintiff takes issue with the end result, the Selectboard followed constitutionally adequate procedure in making its decision. See Natale, 170 F.3d at 262 (noting a procedural due process claim would not "be viable since all denials were preceded by notice and hearing and followed by written explanations"). Accordingly, Plaintiff's procedural due process claim is dismissed.

B. Substantive Due Process Claim

To violate the substantive standards of the due process clause, government conduct must be "so outrageously arbitrary as to constitute a gross abuse of governmental authority." Natale,

7

170 F.3d at 259. The Natale court, in a due process claim arising out of the denial of a zoning permit, stated: "Arbitrary conduct that might violate zoning regulations as a matter of state law is not sufficient to demonstrate conduct so outrageously arbitrary as to constitute a gross abuse of governmental authority that will offend the substantive component of the Due Process Clause." Id. at 262.

The government conduct in question is the Selectboard's classification of the "unnamed road" as a trail. Plaintiff argues that the classification was in violation of a prior court order and was intended to limit Plaintiff's access to his land and "once again show a preference for another property owner in a manner similar to what the [state] Court had condemned in the Town Highway 20 case." (Paper 46 at 12-13.) The Franklin Superior Court considered whether the classification of the unnamed road as a trail was in violation of a court order in deciding a motion to dismiss brought by Defendant in this action (Paper 8) while it was pending in state court. This Court would be hard pressed to find that the very same action which the state court approved (Paper 14) -- in a decision which this Court refrains from reconsidering -- was in fact so outrageously arbitrary as to constitute a gross abuse of governmental authority. As noted by the Franklin Superior Court, notwithstanding the prior court order, "[t]he town had authority

8

to select 'trail' as the first classification for the unnamed road." Rhodes, No. 55-06Fc, slip op. at 2.

As detailed above, the Selectboard followed the appropriate procedure in undertaking to classify the road and, on the facts presented by the parties, the Selectboard's action was not a gross abuse of governmental authority. While the Court is mindful of the history between the parties, Plaintiff has not proffered sufficient evidence to demonstrate that the Selectboard's decision was a further attempt to limit Plaintiff's access to his land and show a preference for other landowners in light of the discretion the Selectboard enjoys in classifying roads pursuant to Vermont law. See Vt. Stat. Ann. tit. 19, § 304(a)(12). The proper forum to litigate the legality of the Selectboard's classification decision is the Franklin Superior Court, as provided by the process for appealing such a decision.

VI. Conclusion

For the above reasons, Plaintiff's motion for reconsideration (Paper 44) is DENIED, Defendant's motion for summary judgment (Paper 41) is GRANTED, and the case is remanded to Franklin Superior Court for further proceedings. The Court will not retain jurisdiction over the remaining state law issues because factual issues remain regarding access and damages that the state court should address. See Rhodes, No. 55-06Fc, slip op. at 3 (denying Defendant's motion to dismiss although the

court "ruled in favor of [Defendant] on the two bases for the motion" and allowing Plaintiff to amend his complaint to state more clearly his claims regarding the issues of necessity and damages).  As was the case the last time these parties were before this Court, to the extent this action has been brought due to Defendant's non-compliance with prior state court judgments, the appropriate path is for Plaintiff to seek post-judgment relief in the state court.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 25th day of November, 2008.

    /s/ J. Garvan Murtha
    Honorable J. Garvan Murtha
    United States District Judge